CORNELIUS REILLY v. THE SECOND DISTRICT COURT OF NEWARK.

Submitted March 20, 1899—Decided June 12, 1899.

The provisions of the District Court act of June 14th, 1898 (*Pamph. L., p.* 556), which give an appeal to the Circuit Court on matters of law, are constitutional.

On rule to show cause for a *mandamus.*

Before Justices DIXON and LUDLOW.

For the relator, *Malcolm MacLear.*

The opinion of the court was delivered by.

DIXON, J. The only question raised in this case is whether the provisions of the District Court act (*Pamph. L.* 1898, *p.* 556, § 205, *et seq.*), which give an appeal on matters of law to the Circuit Court, are unconstitutional. The ground on which they are said to be invalid is that they interfere with the exclusive jurisdiction which the Supreme Court exercises by writ of *certiorari.*

We think this ground is not tenable.

The suits that may be brought in the District Court are such as might be instituted in the Circuit Court, and if there instituted the Supreme Court could not review the decisions of that tribunal by *certiorari,* nor at all if the litigant chose to carry his grievance directly to the Court of Errors. This shows that the Supreme Court has no exclusive jurisdiction over the questions involved. When, therefore, the legislature authorized parties to bring those questions into the Circuit Court through the District Court, instead of immediately, no prerogative of the Supreme Court was invaded; only the procedure was changed.

No doubt, while the cause remains in the statutory tribunal this court can, by *certiorari,* require the record to be sent here

in order that its legality may be tested, but there is nothing in the District Court act which attempts to restrain the exercise of that power.

The cases of *Flanagan* v. *Plainfield,* 15 *Vroom* 118, and *McCullough* v. *Essex Circuit Court,* 30 *Id.* 103, are cited to support the claim of the relator, but they are not in point.

In the Flanagan case the statute condemned purported to confer upon the judge of a Circuit Court authority to issue our prerogative writ of *certiorari* and denied to the Supreme Court its constitutional right to review the proceedings of a statutory tribunal, and in the McCullough case the statute was designed to empower the Circuit Court to annul certain municipal ordinances by a direct proceeding brought to test their reasonableness, a power which, so far as it is judicial, belongs exclusively to the Supreme Court.

We conclude that the District Court was right in refusing to issue an *alias* execution on its judgment, while the appeal taken in accordance with the statute was pending in the Circuit.

The rule for a *mandamus* is discharged.